SUPREME COURT OF GEORGIA
Case No. S26A0151

October 8, 2025

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

ROBIN JONES v. THE STATE.

In April 2022, Robin Jones filed a motion for out-of-time appeal from the judgment of conviction entered on his guilty plea in 1986. The superior court dismissed Jones's motion pursuant to *Cook v. State*, 313 Ga. 471 (2022). This Court then dismissed Jones's appeal from that dismissal order as it did not present a cognizable basis for appeal. See *Jones v. State*, S22A1216 (Aug. 9, 2022). Since that time, the General Assembly enacted OCGA § 5-6-39.1(b), which became effective May 14, 2025. Under this statute, a defendant whose motion seeking an out-of-time appeal was dismissed under *Cook* has the right to move for leave to file an out-of-time notice of appeal until June 30, 2026.[1]

---

[1] Specifically, this statute provides:

In a criminal case, after a judgment of conviction, a defendant whose motion for new trial or notice of appeal was dismissed based upon the Supreme Court's decision in *Cook v. State*, 313 Ga. 471 (2022), and its progeny, shall have the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026, pursuant to subsection (a) of this Code section. Any filing made pursuant to this subsection shall not be subject to the 100-day time limitation in subsection (a) of this Code section.

On July 21, 2025, Jones filed a new motion for leave to file an out-of-time appeal. The superior court dismissed Jones's motion, again citing *Cook* rather than analyzing the motion under the framework laid out in OCGA § 5-6-39.1(b). Jones timely appealed from the superior court's dismissal order, seeking remand for a hearing pursuant to OCGA § 5-6-39.1(b). The State agrees that a remand is appropriate and has now moved to vacate the superior court's order and remand this case for further proceedings consistent with OCGA § 5-6-39.1(b). Because the superior court failed to conduct the proper analysis of Jones's motion, we hereby GRANT the motion to vacate the superior court's dismissal order and remand this case to the superior court for reconsideration of Jones's motion in light of OCGA § 5-6-39.1(b).

*Judgment vacated and case remanded. All the Justices concur.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk